# EXHIBIT A

(Affidavit of Dr. Diane Stein)

Timothy C. Houpt (USB #1543)
Shane J. Shumway (USB # 13357)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah 84101
Telephone: (801) 521-3200
thoupt@joneswaldo.com
sshumway@joneswaldo.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JORDANN WILLS and MYRON WILLS,<br><br>Plaintiffs,<br><br>vs.<br><br>REGENCE BLUECROSS BLUESHIELD OF UTAH,<br><br>Defendant. | **AFFIDAVIT OF DR. DIANE STEIN**<br><br>Civil No. 2:07CV799TS<br><br>Judge Ted Stewart |

STATE OF WASHINGTON   )
                     ) ss:
King County          )

DR. DIANE C. STEIN, being first duly sworn, states as follows:

1. I was the medical director for behavioral health for Regence BlueCross BlueShield of Utah ("Regence") from October 2002 to April 2010. All of my statements are made based on my own personal knowledge as a medical director for Regence.

2.  I am a Board Certified psychiatrist in both general psychiatry and child and adolescent psychiatry. Attached with this affidavit is my CV which more fully sets forth my experience and qualifications.

3.  My experience with eating disorders includes (1) over twenty-five years of clinical experience specializing in adolescent eating disorders, (2) clinical professor at the University of Washington School of Medicine in the Department of Psychiatry and Behavioral Sciences, (3) private practice focusing on psychiatric evaluations, medication management, and care coordination for children and adolescents.

4.  While working as a medical director I was asked to review whether inpatient care was medically necessary to treat Jordann Wills at the Center for Change. In conducting this review I conferred with Jordann's treating physician at the Center for Change, and reviewed Jordann's medical records. I also reviewed Regence *Behavior Health Policy for Eating Disorders* and the *Interqual* criteria which set forth standard guidelines used to determine when inpatient care for mental health disorders is medically necessary. I concluded that her condition did not satisfy either the criteria contained in Regence's *Behavior Health Policy for Eating Disorders* or the *Interqual* criteria. RWillsClass 193-203.

5.  The rationale for my decision, as set forth in my notes, (RWillsClass190-192) was based on Jordann's medical records which showed (1) stabilization of weight with an acceptable body mass index, (2) medical stability with normal EKG, normal vital signs, and normal lab values, (3) absence of binging, purging, or other out of control eating patterns, (4) absence of acute symptoms of suicidality, (5) patient was responding to treatment and exhibited good motivation for recovery, (6) absence of untoward medication reaction which would require

monitoring at the intensity of inpatient level of care, and (7) residual irrational thinking regarding her eating disorder was not at the level of severity requiring treatment at the inpatient level of care.

6. I am aware that Jordann's case was reviewed by an independent review organization named AllMed Healthcare Management. As a medical director for Regence I have personal knowledge of the conduct of independent review organizations ("IRO") in reviewing determinations of medical necessity with respect to the treatment of mental disorders. In this case, the IRO's medical review is signed by the IRO's medical director, Dr. Skip Freedman, M.D. (RWillsClass 440-43). Dr. Freedman affirms that the review was conducted by a board certified psychiatrist. It is typical that an IRO does not disclose the identity of the specialist reviewing a case. Regence accepts and relies on the IRO director's representations as to the qualifications of the reviewer.

DATED this 20TH day of January, 2011.

STATE OF ARIZONA
COUNTY OF PIMA

DR. DIANE C. STEIN

SUBSCRIBED AND SWORN before me this 20TH day of January, 2011.

NOTARY PUBLIC

ALBERT E. THOMKA
Notary Public - Arizona
Pima County
My Commission Expires
February 14, 2012